IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERNEST MEDINA, | ) | 8:15CV436 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| LANCASTER COUNTY, and | ) | |
| LANCASTER COUNTY PUBLIC | ) | |
| DEFENDERS OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Ernest Medina, filed this case on December 2, 2015. He has been granted leave to proceed in forma pauperis. The court now conducts an initial review of Medina's complaint to determine whether summary dismissal is appropriate under [28 U.S.C. §§ 1915(e)(2)](#) and [1915A](#).

## I. SUMMARY OF COMPLAINT

Medina complains about a competency hearing that was held on November 20, 2015, in the Lancaster County District Court, which resulted in his commitment to the Lincoln Regional Center. The hearing presumably was held pursuant to [Neb. Rev. Stat. § 29-1823](#) to determine whether Medina was competent to stand trial. Medina alleges that prior to the hearing he informed his court-appointed counsel, Matthew Meyers of the Lancaster County Public Defenders Office, that he did not want the matter submitted to the court on a record consisting of an evaluation performed by a Dr. Simples, and that he wanted a second evaluation. Medina alleges that Meyers ignored his request, whereupon Medina objected on the record, stating that he "was experiencing a conflict of interest" with his attorney, and that he "asked for a second evaluation" (Filing No. [1](#) at CM/ECF p. 3). Medina alleges that District Judge Susan Strong "abused her discretion and violated [his] due process rights" by overruling his

objection, finding him incompetent, suspending criminal proceedings, and ordering him committed until competency is restored (Filing No. 1 at CM/ECF p. 4).

There are two named defendants: Lancaster County and the Lancaster County Public Defenders Office (Filing No. 1 at CM/ECF p. 1). As a basis for federal court jurisdiction, Medina cites the Political Subdivision Tort Claims Act (Filing No. 1 at CM/ECF p. 5). Medina requests declaratory and injunctive relief for appointment of substitute counsel and a second psychiatric or psychological evaluation (Filing No. 1 at CM/ECF pp. 6-7).

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Subject-matter jurisdiction may also be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

Medina alleges that Judge Strong violated his constitutional rights, but she is not named as a defendant. Even if Judge Strong were to be brought into the action, the injunctive relief Medina seeks is not appropriate where an adequate remedy under state law exists. *See Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989) (affirming dismissal of civil rights complaint against municipal court judge). An order finding an accused incompetent to stand trial and ordering him confined until such time as he is competent is a final, appealable order under Neb. Rev. Stat. § 25-1911. *See State v. Guatney*, 299 N.W.2d 538, 543 (Neb. 1980). Judge Strong is immune from suit for damages. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).

-3-

Regarding the allegations made against Mr. Meyers, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Thus, even liberally construed, the complaint fails to state a claim for relief under 42 U.S.C. § 1983 as against Mr. Meyers or the named defendants, the Lancaster County Public Defenders Office and Lancaster County.

Absent diversity of citizenship, which is not alleged by Medina, this court does not have subject-matter jurisdiction to entertain an action brought under the Political Subdivision Tort Claims Act ("PSTCA"), Neb. Rev. Stat. §§ 13-901 to 13-928. In any event, declaratory and injunctive relief is not available under the PSTCA. *See* Neb. Rev. Stat. § 13-903(4) ("Tort claim shall mean any claim against a political subdivision for money only ....).

## IV. CONCLUSION

Medina has failed to allege an actionable claim under federal law, and the court does not appear to have subject matter jurisdiction over any state law claim. The court will not provide Medina with an opportunity to file an amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that the case is dismissed without prejudice. The court will enter judgment by a separate document.

DATED this 30th day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge